IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

FRANK BERNHARD,                          )
                                         )
            Plaintiff,                    )
                                         )
vs.                                      )      Case No. 4:26-cv-00653-CDP
                                         )
GOJET AIRLINES, LLC,                     )
                                         )
            Defendant.                    )

**DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS
MOTION TO COMPEL ARBITRATION**

COMES NOW Defendant GoJet Airlines, LLC ("GoJet"), by and through its undersigned

counsel, and for its Motion to Compel Arbitration, states as follows:

**I.      INTRODUCTION**

Plaintiff's lawsuit arises out of his very brief employment with GoJet. Specifically,

Plaintiff claims that after just six weeks of employment, he was forced to resign in lieu of

termination after GoJet learned he had filed a charge of discrimination against his former

employer, FlightSafety International, Inc. Plaintiff alleges this forced separation was in retaliation

for his exercise of rights under the Americans with Disabilities Act ("ADA"), namely, his charge

alleging disability discrimination against FlightSafety.

In actuality, GoJet discovered during Plaintiff's 90-day probationary period that he had

failed to disclose his full employment history on his employment application *and* that he lied

during the interview process regarding his prior employment with FlightSafety and discharge

therefrom. When confronted about his untruthfulness, Plaintiff opted to resign before GoJet

terminated his employment.

As a condition of his employment with GoJet, Plaintiff knowingly and voluntarily acknowledged and signed a Mutual Arbitration Agreement ("Arbitration Agreement"), which expressly governs the resolution of employment-related disputes, including the "violation of any federal, state, or local law, statute, regulation, or ordinance applicable to applicants, to employees, or to the employment relationship." A true and correct copy of the Arbitration Agreement signed by Plaintiff is attached hereto as **Exhibit A.**[1] Per its express terms, Plaintiff and GoJet agreed to be subject to the Federal Arbitration Act ("FAA"), and further agreed that the Arbitration Agreement "shall be enforceable pursuant to and interpreted in accordance with the FAA." Ex. A.

The Arbitration Agreement requires that "[e]ach individual wishing to be considered for employment by GoJet Airlines must agree to be bound by the Mutual Arbitration Agreement by selecting 'I AGREE' in the space below the Mutual Arbitration Agreement…" *Id.* Plaintiff initialed the line indicating his agreement to be bound by the Agreement, which states:

> I AGREE to be bound by this Agreement, as does the Company. I understand that, as more fully set forth above, **I must arbitrate employment-related claims against the Company and that I may not file a lawsuit or pursue a jury trial in court in regard to any claims or disputes covered by this Agreement**.

*Id.* (emphasis added). The Arbitration Agreement also includes the following language in bold print directly above Plaintiff's signature line:

> **This Agreement and the Rules referenced above are important documents that affect your legal rights. You should familiarize yourself with and understand them, and, by signing below, you acknowledge that you have had the opportunity to do so.**

*Id.* (emphasis in original). Plaintiff signed the agreement on April 19, 2024, indicating his agreement to be bound by the Arbitration Agreement. *See id.* GoJet likewise agreed to be bound

---

[1] Courts routinely consider the terms of an arbitration agreement on a motion to compel arbitration. *Leonard v. Delaware N. Companies Sport Serv., Inc.,* No. 4:15 CV 1356 CDP, 2016 WL 3667979, at *1 (E.D. Mo. July 11, 2016)(granting defendant's motion to compel arbitration and dismissing the plaintiff's lawsuit) *aff'd*, 861 F.3d 727 (8th Cir. 2017).

4937-1798-4159, v. 2

by the arbitration requirement by including the following language: "By this Agreement, both the Company and you agree to resolve any and all claims, disputes, or controversies arising out of or relating to . . . . your employment with the Company, and/or the termination of your employment. . . . you and the Company voluntarily waive all rights to trial in court before a judge or jury on all such claims." *Id.* GoJet also agreed to "pay all costs unique to arbitration . . . . including the regular and customary arbitration fees and exhibits." *Id.*

## II.    LEGAL STANDARD

The FAA, enacted in 1925, manifests a long-standing "strong federal policy in favor of enforcing arbitration agreements." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 217, 221 (1985). The FAA places the enforceability of such agreements on the same footing as other contracts and requires courts to "rigorously enforce" them. *Id*. at 217, 221; *see also Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 24 (1991). The Supreme Court has reaffirmed the long-standing principle that federal courts are to strictly enforce arbitration agreements. *Epic Sys. Corp. v. Lewis*, 138 S.Ct. 1612, 1621-23 (2018). In *Epic Systems*, the Supreme Court held that the FAA is a congressional command instructing "federal courts to enforce arbitration agreements according to their terms . . . ." *Id.* at 1619.

A party who believes that a dispute is subject to arbitration may move for an order compelling arbitration. 9 U.S.C. § 3. On a motion to compel arbitration under the FAA, the Court does not determine the merits of the substantive issues, but simply whether the parties have agreed to submit a particular grievance to arbitration. *Express Scripts, Inc. v. Aegon Direct Mktg. Servs., Inc.*, 516 F.3d 695, 699 (8th Cir. 2008). When considering such a motion, a district court asks only (1) whether a valid agreement to arbitrate exists between the parties and (2) whether the specific dispute falls within the scope of that agreement. *Robinson v. EOR-ARK, LLC*, 841 F.3d 781, 783-

3

84 (8th Cir. 2016); *Donaldson Co., Inc. v. Borroughs Diesel, Inc.*, 581 F.3d 726, 730-31 (8th Cir. 2009) ("A court must grant a motion to compel arbitration if a valid arbitration clause exists which encompasses the dispute between the parties.")(citations omitted). An arbitration agreement should be construed liberally, "with any doubts resolved in favor of arbitration." *MedCam, Inc. v. MCNC*, 414 F.3d 972, 975 (8th Cir. 2005). The party seeking to avoid arbitration bears the burden of proving that the claims at issue are not suitable for arbitration. *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 91–92 (2000).

## III.  ARGUMENT

Under Section 2 of the FAA, "written arbitration agreements [are] 'valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract….'" *Arthur Anderson LLP v. Carlisle*, 556 U.S. 624, 629-30 (2009) (quoting 9 U.S.C. § 2). "[T]he [FAA] leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985) (emphasis in original) (citing 9 U.S.C. §§ 3, 4).

Consistent with the FAA's strong policy favoring enforcement of arbitration agreements, and in light of the fact that a valid arbitration agreement exists between the parties and Plaintiff's ADA claim falls within the scope of that agreement, GoJet respectfully requests that this Court dismiss Plaintiff's Complaint or, alternatively, stay litigation and compel arbitration.

4937-1798-4159, v. 2

**A.    The Parties Entered Into a Valid and Enforceable Mutual Arbitration Agreement.**

"State contract law governs whether the parties have entered into a valid arbitration agreement." *Robinson*, 841 F.3d at 784 (citing *Donaldson*, 581 F.3d at 731). Under Missouri law, a valid contract requires an offer, acceptance, and consideration. *Baker v. Bristol Care, Inc.*, 450 S.W.3d 770, 774 (Mo. 2014) (en banc). The party seeking to compel arbitration bears the burden of establishing the agreement's existence. *Ballou v. Asset Mktg. Servs., LLC*, 46 F.4th 844, 851 (8th Cir. 2022); *Duncan v. TitleMax of Missouri, Inc.*, 607 S.W.3d 243, 249 (Mo. App. 2020). GoJet has easily satisfied its burden, and the undisputed record demonstrates there was both an offer and acceptance of the Arbitration Agreement.

Under Missouri law, "[a]n offer is 'the manifestation of willingness to enter into a bargain, so made as to justify another person in understanding that his assent to that bargain is invited and will conclude it.'" *LoRoad, LLC v. Glob. Expedition Vehicles, LLC*, 787 F.3d 923, 928 n.3 (8th Cir. 2015) (quoting *Brown Mach., Div. of John Brown, Inc. v. Hercules, Inc.*, 770 S.W.2d 416, 419 (Mo. App. 1989)). The Arbitration Agreement was plainly presented to Plaintiff for review and repeatedly characterizes itself as a "Mutual Arbitration Agreement," using unambiguous language such as "both the Company and you agree" and "I AGREE to be bound by this Agreement, as does the Company." *See* Ex. A. The Arbitration Agreement further reinforces that agreeing to the arbitration provisions is a condition of employment with GoJet. As this Court (Judge White) recognized in *Williams v. Insomnia Cookies, LLC*, such language leaves no doubt that "a prospective employee viewing the document would understand that the offered terms would become binding upon acceptance." 715 F.Supp.3d 1205, 1211–12 (E.D. Mo. 2024).

It is indisputable that Plaintiff reviewed and affirmatively signed the Arbitration Agreement. Missouri law is clear that "a party who signs a document after having an opportunity

to review its contents is, absent fraud or duress, bound by its terms." *Williams*, 715 F.Supp.3d at 1212–13; *see also Warren v. Paragon Techs. Grp., Inc.*, 950 S.W.2d 844, 846 (Mo. 1997) (en banc) ("[p]arties are presumed to read what they sign").

Accordingly, GoJet has met its burden of establishing the existence of the valid and enforceable Arbitration Agreement.

### B.      Plaintiff's Claims are Within the Scope of the Arbitration Agreement.

The Arbitration Agreement leaves no doubt as to the breadth of claims it governs, expressly providing that "claims subject to this Agreement include without limitation all claims pertaining to [Plaintiff's] employment with the Company (including application for or termination of employment) and all claims for discrimination, harassment, or **retaliation** . . . .and violation of **any federal**, state, or local law, statute, regulation or ordinance applicable to applicants, to employees, or to the employment relationship." Ex. A, "Covered Claims" (emphasis added). Plaintiff's Complaint alleges a single claim for retaliation in violation of the ADA, precisely the type of claim the Arbitration Agreement unmistakably requires to be arbitrated, and which courts have routinely held is subject to arbitration. *See Young v. Hoogland Foods, LLC*, No. 4:19 CV 456 CDP, 2020 WL 555106, at *1 (E.D. Mo. Feb. 4, 2020)(compelling arbitration of plaintiff's ADA claim). Accordingly, Plaintiff's claim must be arbitrated.

### C.      The Court Should Dismiss the Complaint.

The Eighth Circuit has consistently recognized a district court's capacity to determine whether to stay an action or dismiss pending resolution of an arbitration. *See McLeod v. Gen. Mills, Inc.*, 856 F.3d 1160, 1168 (8th Cir. 2017); *Unison Co. v. Juhl Energy Dev., Inc.*, 789 F.3d 816, 821 (8th Cir. 2015); *Osborne v. Charter Commc'ns, Inc.*, No. 4:18CV1801 HEA, 2019 WL 2161575, at *3 (E.D. Mo. May 17, 2019) ("In *Green* [*v. Super Shuttle Intern., Inc.*, 653 F.3d 766,

6

779 (8th Cir. 2011)], . . . the Court recognized that district courts sometimes rely upon 'a judicially created exception to the general rule which indicates district courts may, in their discretion, dismiss an action rather than stay it where it is clear the entire controversy between the parties will be resolved by arbitration.'").

Because the single claim asserted against GoJet in Plaintiff's Complaint is subject to arbitration pursuant to the Arbitration Agreement, the entire dispute against GoJet will be decided in arbitration. Consequently, this Court has the authority to, and should, dismiss Plaintiff's Complaint and compel him to arbitration.

## IV.    CONCLUSION

WHEREFORE, GoJet respectfully requests this Court grant its Motion and dismiss Plaintiff's Complaint or, in the alternative, stay all aspects of this litigation until completion of arbitration proceedings, and for such further relief as this Court deems just and proper.

Dated:  May 7, 2026                              Respectfully submitted,

                                         UB GREENSFELDER LLP


                                         By:    /s/ Katie L. Fechte
                                             Katie L. Fechte, #67927
                                             Melanie C. Gravlin, #75282
                                             10 S. Broadway, Suite 2000
                                             St. Louis, MO 63102
                                             T: (314) 241-9090
                                             F: (314) 241-8624
                                             kfechte@ubglaw.com
                                             lgravlin@ubglaw.com

                                         *Attorneys for Defendant*
                                         *GoJet Airlines, LLC*

7

4937-1798-4159, v. 2

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on May 7, 2026 the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Matthew J. Ghio
Ghio Law Firm LLC
3115 S. Grand Blvd., Suite 100
St. Louis, MO  63118
matt@ghioemploymentlaw.com

***Attorneys for Plaintiff***

/s/ Katie L. Fechte

8

4937-1798-4159, v. 2